fault, there must be a writ of inquiry, unless the plaintiff enter a *nol. pros.* as to the money counts. *Burr* v. *Waterman,* 2 Cowen, 36, n. The defendant cannot compel the plaintiff to enter such *nol. pros.,* and have the damages assessed by the Court on the note. *Beard* v. *Van Wickle,* 3 Cowen, 335.

*May Term,*
**1822.**

PUMPHREY
v.
COLEMAN.

---

## PUMPHREY *v.* COLEMAN.

In actions on instruments not under seal, profert is never made: but, after the defendant's appearance in such cases, the Court, if required, will make an order that the writing be produced for the defendant's inspection; that a copy be furnished him; and that in the mean time all proceedings be stayed.

ERROR to the *Fayette* Circuit Court.

*Friday,*
*May 24.*

BLACKFORD, J.—Assumpsit on a promissory note. Special demurrer to the declaration because profert is not made of the note. Judgment in the Circuit Court for the plaintiff below, defendant in error. It is contended, that, as the statute requires an affidavit of the plea, before the plaintiff is obliged to prove the execution of the note (1), the defendant should have an opportunity to see the note, and should have a copy if he wishes it, before he is called upon to plead. The Court has no doubt of the correctness of this position; and if the plaintiff were not bound to produce an instrument of writing on which suit is brought, except in cases where he makes profert, the objection to the declaration in the cause before us should be sustained. Upon examining the books of practice it will be found, that profert is never made of writings not under seal; but that after the appearance of the defendant, the Court will make an order on the plaintiff, in all cases when required, that the note or other writing declared on be produced for the inspection of the defendant; that a copy be delivered to him; and that all proceedings in the action be in the mean time stayed. 1 Tidd, 532. Our statute, referred to by the plaintiff in error, requires no change of practice; but only affords an additional reason for adhering to a well-known mode of proceeding, long since established.

*Per Curiam.*—The judgment is affirmed, with 1 *per cent.* damages and costs.

*Caswell,* for the plaintiff.

*Test,* for the defendant.

(1) *Bates* v. *Hunt,* ante, p. 67, and note 3.